UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY D. TRAVICK, | ) | CASE NO.  1:09CR46 |
| | ) | 1:16CV1639 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| Respondent. | ) | |
| | ) | |

The instant matter is before the Court upon Petitioner Anthony Travick's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed pursuant to 28 U.S.C. § 2255. Doc. 31.  The petition is DENIED.

## I. STANDARD OF REVIEW

"To prevail under 28 U.S.C. § 2255, a defendant must show a 'fundamental defect' in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process."  *Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994).  A federal district court may grant relief to a prisoner in custody only if the petitioner can "demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict."  *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003).

## II. LAW AND ARGUMENT

In his petition, Travick asserts that *Johnson v. United States*, 125 S.Ct. 2551 (2015) and its progeny warrant relief.  In *Johnson*, the Supreme Court invalidated the residual clause of the Armed Career Criminal Act.  Travick, however, was not sentenced utilizing the residual clause.  As such, his petition has no merit.

1

Travick was convicted of armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d). Travick focuses his petition on his belief that a violation of § 2113(a) triggers the use of the residual clause in 18 U.S.C. 924(c)(3)(B). In so doing, Travick ignores that a conviction under § 2113(d) requires proof that when Travick committed the robbery he "assault[ed] any person, or put[] in jeopardy the life of any person by the use of a dangerous weapon or device[.]" As such, his conviction by necessity involved the use, attempted use, or threatened use of force" against a person. Travick, therefore, was found to have committed a crime of violence under 18 U.S.C. § 924(c)(3)(A), a provision unaffected by *Johnson*. While Travick asserts at length that this Court should review the lesser included offense of violating 18 U.S.C. § 2113(a), the lesser included offense did not play any role in his sentencing guidelines. Accordingly, it provides no avenue for relief in this petition.

## III. CONCLUSION

For the foregoing reasons, Petitioner Anthony Travick's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody is **hereby DENIED.**

Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED.**

Dated: August 30, 2016  /**s**/ *John R. Adams*
**JOHN R. ADAMS**
**UNITED STATES DISTRICT JUDGE**